UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:08-CV-85-BR

L.K., a Minor, by and through his )
surrogate parent, Melissa Henderson, )
)
             Plaintiff, )
)
             v. )        ORDER
)
NORTH CAROLINA STATE BOARD )
OF EDUCATION and the NORTH )
CAROLINA DEPARTMENT OF )
PUBLIC INSTRUCTION, )
)
             Defendants. )

This matter is before the court on defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).[1] The motion has been fully briefed and is ripe for disposition.

I. FACTUAL AND PROCEDURAL BACKGROUND

L.K. "is a disabled student who is eligible to receive special education and services under the Individuals with Disabilities in Education Act" ("IDEA"). (Compl. ¶ 7.) L.K. is a ward of the state of New Jersey, and while he was enrolled in the public school system in that state, an Individualized Education Program ("IEP") was developed for him. (Id. ¶¶ 11, 13.) L.K. moved to Granville County, North Carolina, on 19 July 2007 to reside with his maternal aunt. (Id. ¶ 11.) On 29 August 2007, L.K.'s aunt enrolled him in the Granville County school system, at J.F. Webb High School. (Id. ¶ 14.) On 12 September 2007, the principal of J.F. Webb High School recommended

---

[1] Although defendants' motion seeks dismissal under both of these rules, in their initial brief, defendants discuss only whether the case should be dismissed under Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction. In their reply brief, for the first time, defendants raise arguments regarding whether plaintiff has named the proper defendant(s) in her complaint, (Reply Supp. Mot. Dismiss at 6-7), which not only goes to whether the complaint should be dismissed under Fed. R. Civ. P. 12(b)(6), but also is a defect that may be cured by amendment of the complaint. Accordingly, the court will not consider this issue at this time.

that L.K. be suspended from school for 365 days for bringing a razor to school, among other issues. (Id. ¶ 21.)

Pursuant to the IDEA,[2] L.K.'s IEP team held a meeting at the school on 19 September 2007 to determine whether the conduct that led to the principal's suspension recommendation was related to L.K.'s disabilities. (Compl. ¶¶ 24-25.) The IEP team found that L.K.'s conduct was not a manifestation of his disabilities and upheld the principal's recommendation for suspension. (Id. ¶ 26.) L.K. appealed the determination, and an Administrative Law Judge ("ALJ") reversed the suspension. (Id. ¶¶ 29, 38.) The Granville County school system appealed, and a State Review Hearing Officer appointed by defendant Department of Public Instruction overruled the ALJ's determination. (Id. ¶¶ 53, 62.)

L.K. withdrew from the Granville County school system on 20 December 2007 and moved back to New Jersey. (Anderson Aff. ¶ 8.) L.K. currently resides with his mother in New Jersey, and is enrolled in the public school system there. (Reply Supp. Mot. Dismiss, Exh. A (verified statement of Registrar at Snyder High School in Jersey City, New Jersey).) Plaintiff (L.K.'s maternal aunt) now also resides in New Jersey, and has enrolled her daughter in school there. (Id.) It is L.K.'s guardian's intention to return L.K. to Granville County and re-enroll him in the Granville County school system "as soon as appropriate supports could be located in the community for [plaintiff] and for his aunt[;]" (Locicero Aff. ¶¶ 12-13), however, "it is unknown . . . when or whether [L.K.] will return to North Carolina[.]" (Br. Opp. Mot. Dismiss at 13.)

---

[2] "[T]he IDEA requires that before any school can discipline a student, the school must determine whether the student's misconduct is related to the student's disability. If it is, the school officials are confined to the limited disciplinary measures described in § 1415(k)(1)(A)(i). However, if the . . . committee concludes that the child's disability did not factor into the student's conduct, then the school may discipline that student as it would any other." AW ex rel. Wilson v. Fairfax County School Bd., 372 F.3d 674, 684 (4th Cir. 2004) (citation omitted).

Plaintiff filed this action on 30 January 2008 in Wake County Superior Court, alleging violations of the IDEA and seeking declaratory and other equitable relief.[3] Plaintiff's complaint contains four causes of action: (1) that defendants violated L.K.'s "statutory right to obtain an expedited <u>final</u> state-level Manifestation Determination decision within ten school days" under 20 U.S.C. § 1415(k)(4)(b); (2) that defendants violated L.K.'s right to be returned to J.H. Webb after the ALJ's decision under 20 U.S.C. § 1415(k)(4)(A); (3) a declaratory claim that N.C. Gen. Stat. § 115C-109.9[4] violates 20 U.S.C. § 1415; and (4) the use of an inappropriate standard of review by the State Review Hearing Officer. (Compl. ¶¶ 70-81 (emphasis in original).) Defendants removed the action on 3 March 2008 and, after obtaining an extension of time to answer, filed the instant motion to dismiss on 9 May 2008.

## II. DISCUSSION

Defendants argue that this action must be dismissed because there is no justiciable controversy in light of L.K.'s move back to New Jersey. (Br. Supp. Mot. Dismiss at 5-6.) Essentially, defendants argue that plaintiff lacks standing to bring this suit, which is a challenge to

> this [c]ourt's subject matter jurisdiction over [p]laintiffs' claims. The [c]ourt notes that there are two ways in which to present a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. <u>Adams v. Bain</u>, 697 F.2d 1213, 1219 (4th Cir. 1982). The defendant may contend either that the complaint fails to allege facts upon which subject matter jurisdiction can be based, or that the jurisdictional facts alleged in the complaint are untrue. <u>Id.</u> Because, in the instant case, [d]efendant[s] raise[] the former argument (i.e., the allegations in the [c]omplaint fail, as a matter of law,

---

[3] Specifically, plaintiff "asks that the court: 1. Vacate the decision of the state review hearing officer. 2. Reinstate the decision of the Chief Administrative Law Judge . . . . 3. Order that [L.K.] be immediately admitted to . . . J.F. Webb High School . . . . 4. Order that [L.K.'s] illegal long-term suspension be vacated and removed from any records maintained by Defendants. 5. Declare that N.C. Gen. Stat. § 115C-109.9 subsections (a) and (b) are invalid . . . . 6. Retain jurisdiction over this matter . . . to ensure that [L.K.] . . . is not denied his right to be enrolled at J.F. Webb High School. 7. Award such further relief as the court deems just and proper." (Compl. at 17-18.)

[4] That statute provides for two tiers of administrative appeals, first to an ALJ, and then to a State Review Hearing Officer appointed by the Department of Public Instruction.

3

to support subject matter jurisdiction), [p]laintiff[] enjoy[s] procedural safeguards similar to those she would enjoy when opposing a Rule 12(b)(6) motion. See id.

North Carolina Motorcoach Ass'n v. Guilford County Bd. of Educ., 315 F. Supp. 2d 784, 790 (M.D.N.C. 2004). Accordingly, the court is normally limited to the allegations contained in the complaint in determining the motion, see id.; however, the court may consider "matters of public record" that the parties do not dispute, see S.N. v. Old Bridge Tp. Bd. of Educ., Civil Action No. 04-517 (SRC), 2006 WL 3333138, *2 n.2 (D.N.J. Nov. 15, 2006) (suit under the IDEA, noting that "[t]he parties have presented to the Court one matter outside the Complaint. Specifically, Defendant bases a great deal of its argument on Plaintiffs' move out of state. This fact is not in dispute, and moreover, is matter of public record. Thus, the Court has considered it in evaluating the instant motion." (citation omitted)). "In the present case, therefore, [d]efendant[s] will prevail on the issue of standing only if the allegations in [p]laintiff['s] [c]omplaint are insufficient as a matter of law to support subject matter jurisdiction." North Carolina Motorcoach Ass'n, 315 F. Supp. 2d at 790 (citation omitted).

> The Constitution restricts the federal courts to "Cases" or "Controversies." A party's standing to file suit is thus a constitutional limitation on the jurisdiction of the federal courts. Since standing is jurisdictional, courts must independently ensure its presence. The standing requirement is designed to guarantee that the plaintiff has a sufficient personal stake in the outcome of a dispute to render judicial resolution of it appropriate.
> There are three requirements to meet the irreducible constitutional minimum of standing. A plaintiff must show: (1) he has suffered an injury in fact; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision."

Emery v. Roanoke City School Bd., 432 F.3d 294, 298 (4th Cir. 2005) (citations and most quotations omitted). "[T]he standing inquiry is a question of whether the plaintiff has the requisite personal interest that must exist at the commencement of the litigation. This interest (including the

4

constitutional minimum requirements) must continue to exist at every stage of review, or the action is moot." Rosenfeld v. Montgomery County Public Schools, 25 Fed. Appx. 123, 129-30 (4th Cir. 2001) (table) (quotations and citation omitted).

Plaintiff argues that "[m]any cases have established that a student who no longer resides within a school district, or even within the state in which he was injured, has standing to sue under the IDEA when he is seeking retrospective relief." (Br. Opp. Mot. Dismiss at 7 (citing several cases).) Plaintiff is correct, and the court concludes that it may adjudicate plaintiff's claims that defendants violated the IDEA and that the hearing officer incorrectly determined that L.K.'s conduct was not a manifestation of his disabilities, and, if it so concludes, order that the decision be removed from L.K.'s school record.[5] See Garcia v. Board of Educ. of Albuquerque Public Schools, 520 F.3d 1116, 1123-24 (10th Cir. 2008) (student filed suit seeking determination that school had violated IDEA in failing to review her IEP, school argued that case was moot because student was 19 and therefore no longer required to attend school and had "expressed little or no desire to return to school or to continue her education[;]" court held "while the school district's predictive assertions about what [the student] may or may not do in the event she prevails in this litigation may be relevant in assessing whether equitable relief is warranted – a very different question we take up later – they are beside the point for purposes of assessing mootness. For this case to be considered live, it is enough that the [student] ha[s] alleged an actual injury traceable to the school district for

---

[5] There is no question that the district court has the general authority to review suspension decisions. See AW ex rel. Wilson, 372 F.3d at 685 (affirming school's decision to suspend student and finding "no error in the . . . [school] committee's conclusion that . . . [the student's] ADHD did not figure into the behavior for which he was to be disciplined").

5

which we can issue a remedy.");[6] Neshaminy School District v. Karla B., No. CIV. A. 96-3865, 1997 WL 563421, *2 (E.D. Pa. Sept. 3, 1997) (school district filed complaint seeking review of school board order; student moved out of the district after complaint had been filed; court found that it could proceed to review the order but that the student's counterclaim for prospective relief was moot).

However, plaintiff is not seeking purely retrospective relief. As noted above, plaintiff seeks L.K.'s "immediate[]" admission to J.F. Webb High School, a potential review by this court of whether L.K. has been denied some future "right to be enrolled at J.F. Webb High School[,]" and a declaration that "N.C. Gen. Stat. § 115C-109.9 subsections (a) and (b) are invalid[.]" As long as L.K. is not a resident of Granville County, he has no right to be enrolled – immediately or otherwise – in any school in that county. Additionally, plaintiff has presented insufficient evidence of an imminent injury to allow this court to find that she has standing to bring her statutory claim. Compare United States v. Jones, 136 F.3d 342, 348 (4th Cir. 1998) (suit by female student challenging all-male admission policy of state-run military college; dismissing the plaintiff for lack of standing because the college had agreed to admit female students and the plaintiff had enrolled in another military college), with Equal Access Educ. v. Merten, 305 F. Supp. 2d 585, 595-96 (E.D. Va. 2004) (plaintiff was an illegal alien who brought suit to challenge the constitutionality of the policy of Virginia post-secondary institutions denying admission to illegal aliens; defendant

---

[6] Based on the reasoning in that case, the court finds defendants' arguments that "the [c]ourt cannot do anything . . . to rectify the alleged injury to L.K.'s reputation which has already been occasioned by his mother's requests to have his school records . . . forwarded to . . . New Jersey" and that plaintiff has clearly not suffered any injury by the administrative officer's decision as he has been enrolled in the New Jersey school system, (Reply Supp. Mot. Dismiss at 6), unavailing. It is entirely possible that the administrative officer's decision could be used as a basis for some future determination that L.K.'s suspension-worthy conduct is not a manifestation of his disabilities and/or that he has already been rejected by other schools to which he applied or will face future academic rejection(s) based on that decision being in his record.

6

universities contended that he lacked standing because he had not yet applied for admission; district court found that the plaintiff provided evidence of concrete plans to apply to those institutions "sufficient to satisfy the imminence requirement for standing." (citation omitted)).[7]

Turning briefly to plaintiff's contention that this action should be remanded because it "involves state agencies and state law," (Resp. Opp. Mot. Dismiss at 19-20), the court disagrees. The determination of whether a disabled child has been impermissibly excluded from the classroom for conduct arising out of his disabilities, which is the central issue in plaintiff's remaining claims, is a question of federal law. See, e.g., AW ex rel. Wilson, 372 F.3d at 684 (noting that the issues that must be considered in deciding whether a student's misconduct is a manifestation of his disability "are clearly defined by the IDEA" (citing 20 U.S.C. § 1415(k))). The court also notes that plaintiff's complaint is replete with references to various portions of the IDEA.

### III. CONCLUSION

For the foregoing reasons, the motion to dismiss is ALLOWED IN PART, and plaintiff's third cause of action is hereby DISMISSED. The court also will not consider any relief seeking L.K.'s immediate and/or future admission to J.F. Webb High School. Plaintiff's first, second, and fourth causes of action remain. Pursuant to the court's order of 12 May 2008, the Clerk is

---

[7] Unlike the student in Merten, 305 F. Supp. 2d at 596, who had signed up to take the SAT II exam and stated his affirmative intent to apply to the universities in question by their application deadlines, plaintiff has presented no evidence of any kind of affirmative action taken in preparation to return L.K. to Granville County. The court further notes that L.K.'s legal guardian's 9 May 2008 affidavit states only that he "was still planning to return L.K. to North Carolina" as of 30 January 2008, when plaintiff filed suit. (Locicero Aff. ¶ 13.)

7

DIRECTED to issue an order for a discovery plan.

    This 9 June 2008.

                                                           W. Earl Britt
                                                           Senior U.S. District Judge

lk/nc/tec