IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:08-CV-85-BR

| | |
|---|---|
| L.K., a Minor, by and through his surrogate parent, Melissa Henderson, ) ) ) Plaintiff, ) ) v. ) ) NORTH CAROLINA STATE BOARD OF ) EDUCATION and the NORTH CAROLINA ) DEPARTMENT OF PUBLIC ) INSTRUCTION, ) ) Defendants. ) | **MEMORANDUM AND RECOMMENDATION** |

This case comes before the court on cross motions for summary judgment filed by defendants North Carolina State Board of Education ("State Board") and the North Carolina Department of Public Instruction ("Department") (collectively "defendants") (D.E. 30), and by plaintiff L.K., a minor, through his maternal aunt and surrogate parent ("L.K." or "plaintiff") (D.E. 32) pursuant to Rule 56 of the Federal Rules of Civil Procedure. The motions were referred to the undersigned for review and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it will be recommended that the parties' motions be denied without prejudice and the parties be ordered to file the administrative record in this case and brief the issue of joining the Granville County Board of Education ("Granville Board") as a defendant.

## BACKGROUND

The complaint alleges the following: Shortly after L.K. enrolled in a Granville County public high school, the principal recommended in September 2007 that he be suspended for a year for bringing a razor to school and other conduct. (Compl. (D.E. 1-2) ¶¶ 14, 21). L.K. had been found to have multiple disabilities and to be subject to the Individuals with Disabilities Education Act

("IDEA"), 20 U.S.C. §§ 1400, *et seq.* (*Id.* ¶¶ 7, 12, 13). Proceeding under the IDEA, the prescribed team of persons made the determination that L.K.'s behavior was not a manifestation of his disabilities and that the year-long suspension would be enforced. (*Id.* ¶¶ 22-26). A determination that L.K.'s conduct was a manifestation of his disabilities would have precluded the suspension. (*Id.* ¶ 23).

In accordance with the North Carolina statutes implementing the IDEA, plaintiff sought review of this manifestation determination at an expedited due process hearing conducted by an administrative law judge ("ALJ") with the North Carolina Office of Administrative Hearings. (*Id.* ¶¶ 27-29). The ALJ reversed the manifestation determination, and the Granville Board invoked the second tier of appeal under North Carolina law, review by a state review officer ("SRO") appointed by the Department. (*Id.* ¶¶ 38, 53, 59, 60). The SRO overruled the ALJ's decision and reinstated the suspension. (*Id.* ¶¶ 62, 69). At both tiers of the administrative appeal, plaintiff and the Granville Board were the only named parties. (*Id.* ¶¶ 31, 53).

Plaintiff appealed the SRO's decision to state Superior Court, naming the State Board and the Department, and not the Granville Board, as defendants. (*Id.* 1 & ¶¶ 9-10). Defendants removed the case to this court. (Notice of Removal (D.E. 1-4)).

In the complaint, plaintiff alleges four causes of action: (1) violation of L.K.'s purported right under the IDEA to a final state-level manifestation determination on an expedited basis; (2) violation of L.K.'s purported right to have been returned to L.K.'s school and not to have been suspended in accordance with the ALJ's order; (3) L.K.'s purported entitlement to a declaratory judgment that the second tier of appeal under North Carolina law violates the IDEA; and (4) application by the SRO of an improper standard of review, resulting in an erroneous decision on the

2

merits. (Compl. ¶¶ 70-81). On defendants' motion, the court dismissed as moot plaintiff's third claim and relief seeking L.K.'s readmission to school because he is no longer residing in or planning to return to Granville County. (9 June 2008 Order (D.E. 25) 7). The court did not reach the issue of whether plaintiff named the proper parties as defendants because the State Board and Department raised the issue only in their reply memorandum, and such a defect could be addressed by amendment of the complaint (which plaintiff did not subsequently pursue). (*Id.* 1 n.1).

In plaintiff's motion for summary judgment, plaintiff seeks a judgment overturning the SRO's decision; restoring the ALJ's decision as the only lawful decision in the administrative proceeding; and vacating L.K.'s suspension and expunging it from his school records. The principal grounds plaintiff relies on are that the second-tier appeal under North Carolina law violates the IDEA and the alternative grounds are that the SRO applied the wrong legal standard. Defendants seek summary judgment dismissing the entire case. They rely on the principal grounds that plaintiff lacks standing to sue the State Board and Department and that the court therefore lacks subject matter jurisdiction. Alternatively, defendants contend that the two-tier North Carolina appeal structure is lawful under the IDEA.

## DISCUSSION

### I. Lack of Administrative Record

The provision of the IDEA under which this case was filed provides that "[i]n any action brought under this paragraph, the court . . . *shall* receive the records of the administrative proceedings." 20 U.S.C. § 1415(i)(2)(C)(i) (emphasis added). This provision has been held to require that the administrative record be filed with the court in IDEA appeals. *See, e.g., DeKalb County Sch. Dist. v. J.W.M.*, 445 F. Supp. 2d 1371, 1378 (N.D. Ga. 2006) (noting that under 20

3

U.S.C. § 1415(i)(2)(C)(i) the administrative hearing record must be included with the initial pleading seeking review under 20 U.S.C. § 1415). Failure to file the administrative record has been found to be grounds for denial, without prejudice, of a motion for summary judgment. *See L.J. ex rel. V.J. v. Audubon Bd. of Educ.*, No. 06-5350, 2007 WL 3252240, at *4 n.3 (D.N.J. 2007).

The parties have not filed with the court the administrative record in this matter, although they have filed a handful of documents excerpted from it as attachments to various filings. In the memorandum supporting plaintiff's motion, plaintiff acknowledges that the administrative record has not been filed. Plaintiff argues, however, that the pleadings and the few excerpts from the administrative record that have been filed are sufficient to show that there are no material facts in dispute and that plaintiff is entitled to judgment as a matter of law. Plaintiff also contends that defendants do not dispute any of the material facts anyway.

The court disagrees that the present record in this case provides an adequate basis to rule on the parties' motions. The parties' submission of a few excerpts from the administrative record obviously does not satisfy the statutory mandate that the entire record be submitted. Possession of the administrative record would enable the court to determine for itself whether the purported material facts are as represented and whether there is any genuine issue regarding them.

In plaintiff's statement of the facts, plaintiff cites primarily to the pleadings, but they are of limited utility. (*See* Plf.'s Support. Mem. (D.E. 33) 2-4). Defendants admit outright only a few of the allegations plaintiff cites. (*See, e.g.,* Ans. (D.E. 26) ¶ 60). They admit others only to the extent they are consistent with official records. (*See, e.g., id.* ¶¶ 14, 12-21). Without these records, the court cannot determine the effect of such admissions. Defendants also deny some of the allegations plaintiff cites without any qualified or partial admissions. (*See, e.g., id.* ¶ 11).

Although plaintiff alleges that facts material to the pending motions are not disputed, there is no formal stipulation of undisputed facts. Moreover, defendants were not parties to the administrative proceedings and expressly disavow independent knowledge of many events underlying this case. (*See, e.g.,* Ans. ¶¶ 12-21 ("These Defendants were not parties to the due process proceeding and have no independent knowledge of the vast majority of facts, asserted or actual, contained in official records."); Defs.' S. J. Support. Mem. 29). This circumstance enhances the need in this case for parties relying on a fact to demonstrate that it is adequately grounded in the record, whether through documentary exhibits, stipulations, or otherwise. It is also relevant that due to the nature of the parties' motions, the facts they implicate are of great significance. These facts bear on, among other matters, the existence of subject matter jurisdiction, the legality of the North Carolina administrative appeal structure in IDEA cases, and, ultimately, the final disposition of this case.

To be sure, the facts relating to the principal issues presented by the parties' motion are relatively few in number and straightforward. Nevertheless, this reality does not eliminate the requirement that the facts relied upon be adequately grounded in the record or diminish the importance these facts have. Plaintiff's alternative ground that the SRO applied the wrong standard could prove more fact intensive than the other grounds plaintiff advances, conceivably implicating the merits of the case.

Although submission of the administrative record is required irrespective of the burden it would place on the parties, the burden should be minimal. The parties appear to have already compiled the administrative record, up through the due process hearing, for the SRO, and she appears to have added little to it. Similarly, requiring submission should not result in significant

delay. For this and the other reasons stated, IT IS RECOMMENDED that the parties be ordered to file the administrative record no later than 14 days after the court rules on this Memorandum and Recommendation.

Pending submission of the administrative record, the parties' motions should be denied without prejudice. In the event the parties move again for dispositive relief, they should set out clearly in the supporting memorandum the facts upon which they rely with specific citations to the administrative record or other appropriate source. For purposes of any such future motions, the parties are encouraged to enter into a stipulation regarding undisputed facts they rely upon, again, with specific citations to the source.

In addition, the parties are reminded in any future dispositive motions to identify the rules under which they are proceeding, as required by Local Civil Rule 10.1(e), E.D.N.C. Defendants' motion did not meet this requirement. Although it stated that defendants were proceeding under Fed. R. Civ. P. 56, the supporting memorandum invoked three additional rule provisions—Fed. R. Civ. P 12(b)(1), 12(b)(6), and 12(h)(3). (*See, e.g.,* Defs.' S. J. Support. Mem. 5, 13, 23, 26, 28, 29; *see also* Defs.' S. J. Resp. Mem. (D.E. 35) 4, 15). Notably, Rule 56 has been held to be a questionable means to challenge subject matter jurisdiction. *See* 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure: Civil* § 1350 (3d ed. 2004) ("[I]n most circumstances, a Rule 56 motion for summary judgment [is an] inappropriate method[] for challenging the district court's subject matter jurisdiction"); *Dash v. FirstPlus Home Loan Owner Trust 1996-2*, 248 F. Supp. 2d 489, 501 (M.D.N.C. 2003) (noting that the proper means of a challenge to plaintiff's standing is pursuant to Rule 12(b)(1)). Defendants' earlier motion to dismiss also suffered from an incongruity

6

Case 5:08-cv-00085-BR   Document 51   Filed 08/18/09   Page 6 of 12

between the rule provisions identified in the motion and those relied upon in the supporting memorandum.

Similarly, the parties should identify in future dispositive motion briefing the standard of review they believe is applicable to each ground for relief advanced and conform their arguments accordingly. Of the various rule provisions relied upon by defendants, they addressed only the standard of review under Rule 56. To the extent the merits of the case are implicated, the parties should address the standard of review under the IDEA. *See, e.g.*, 20 U.S.C. § 1415(i)(2)(C)(iii) (the court must "base its decision on the preponderance of the evidence"); *Bd. of Educ. v. Rowley*, 458 U.S. 176, 206 (1982) (discussing standard of review); *Kirkpatrick v. Lenoir County Bd. of Educ.*, 216 F.3d 380, 385 (4th Cir. 2000) (same).

## II. Joinder of the Granville Board

The court finds that it cannot presently rule on the non-jurisdictional issues presented by the parties' motions for an additional reason—namely, the pendency of the question whether the Granville Board should be joined as a necessary party under Fed. R. Civ. P. 19(a). If the Granville Board's joinder is required, plaintiff will need to amend the complaint to include it and the Granville Board provided an opportunity to be heard on the issues presented by the instant motions and otherwise. The court may properly raise this issue *sua sponte*. *See Republic of Philippines v. Pimentel*, __ U.S. __, 128 S. Ct. 2180, 2188 (2008) ("A court with proper jurisdiction may also consider *sua sponte* the absence of a required person . . . ."); *Craddock v. Apogee Coal Co.*, 166 Fed. Appx. 679, 682 (4th Cir. 2006) (recognizing that the district court *sua sponte* joined a benefits plan as a necessary party and ordered the plaintiff to file a new complaint); *see also* Fed. R. Civ. P.

7

19(a)(2) ("If a person has not been joined as required, the court must order that the person be made a party.").

Rule 19(a) provides that a person "who is subject to service process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party" under two circumstances:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>>
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1)(A), (B). Rule 19 determinations are fact specific and must be made on a case-by-case basis. *Provident Tradesmen Bank & Trust Co. v. Patterson*, 390 U.S. 102, 118-19 (1968). Also, Rule 19 "takes account of the very real, very substantive claims to fairness on the part of outsiders that may arise in some cases. *Teamsters Local Union No. 171 v. Keal Driveway Co.*, 173 F.3d 915, 917 (4th Cir. 1999). "[T]he Rule 19 inquiry is a practical one that is committed to the sound discretion of the trial court . . . ." *Dickson v. Morrison*, No. 98-2446, 1999 WL 543230, at *6 (4th Cir. 27 Jul. 1999). If a necessary party cannot be joined, the court must consider whether to dismiss the case. Fed. R. Civ. P. 19(b).

The substantiality of the issue of the Granville Board's joinder is readily apparent. The Granville Board clearly satisfies the threshold inquiry under Rule 19(a): it is amenable to service of

process and, in this federal question case, its joinder would not deprive the court of such subject matter jurisdiction as it has.

Further, the Granville Board manifestly has strong ties to this litigation. It was not only a party to the administrative proceeding at issue, but the prevailing party. Moreover, actions by or attributable to the Granville Board are directly implicated by plaintiff's claims, including the suspension of L.K., the appeal of the ALJ's decision to the SRO, and the refusal to admit L.K. to school pending appeal. Plaintiff is asking the court to determine the legality of such actions and provide corresponding relief. Courts have often recognized that LEAs, such as the Granville Board, have interests at stake in appeals such as this under the IDEA. *See Guthrie v. Circle of Life*, 176 F. Supp. 2d 919, 922 (D. Minn. 2001) ("In general, when a parent brings an action on behalf of her child, challenging the provision of a free and appropriate education as required under the Act, the independent school district within which the child's school is located is considered a real party in interest to the action."); *see also Traverse Bay Area Intermediate Sch. Dist. v. Michigan Depart. of Educ.*, No. 5:06-CV-139, 2007 WL 2219352, at *12 (W.D. Mich. 27 Jul. 2007) ("Generally, in a case where a parent files a civil action under § 1415(i)(2)(A), the independent school district within which the child's school is located is considered to be the real party in interest to the action.").

While under certain circumstances it could conceivably be appropriate to order joinder without briefing by the existing parties, the court believes that briefing is warranted here to provide the court an understanding of the existing parties' positions on the issue. None of them has taken steps to join the Granville Board notwithstanding their manifest awareness of the concerns underlying possible joinder. For example, in the reply memorandum on their dismissal motion and in the their memoranda on the present motions, defendants argue strenuously that plaintiff should

9

have named the Granville Board as a defendant (albeit in lieu of themselves) because of its interests and for related reasons. *(See, e.g.,* Defs.' Dismissal Reply Mem. 6-7; Defs.' S. J. Supp. Mem. 9-10 ("[T]his Court must conclude that Plaintiff has sued the wrong Defendants."), 29 ("The LEA is the proper party to defend the merits of the manifestation determination, including whether the SRO improperly applied the standard of review. The LEA made the decisions at issue in this case, and defended those decisions in the first and second tiers of review. As the party in opposition to Plaintiff, the LEA helped create the administrative record. The LEA, and not Defendants, will be the party affected by a ruling on the merits of [the fourth] claim."); Defs.' S. J. Resp. Mem. 15 ("Adjudication of this action, without the presence of Granville County Schools as defendant, raises serious issues affecting the appeal rights of Granville County Schools as well as the litigation of future claims."), 16 ("Granville County Schools' rights are implicated by any decision invalidating the second-tier review."). Plaintiff did not act on the court's observation in its dismissal order that the Granville Board's absence could be cured by amendment of the complaint, a fact to which defendants alluded in their response to plaintiff's motion. *(See* 9 June 2009 Order 1 n.1; Defs.' S. J. Resp. Mem. 15).

The court is aware that any motions challenging subject matter jurisdiction need to be resolved before resolution of the issue of the Granville Board's joinder[1] and that the joinder issue needs to be resolved before dispositive motions are filed on any non-jurisdictional grounds. To

---

[1] *See Wilbur v. Locke,* 423 F.3d 1101, 1106 (9th Cir. 2005) (holding that the court must address certain jurisdictional questions, including Article III's standing requirement, before addressing whether an absent party is indispensable party pursuant to Rule 19); *see also Burley v. Burlington N. & Santa Fe Ry. Co.,* No. CV-07-147-BLG-RFC-CSO, 2008 WL 4560715, at *3 (D. Mont. 10 Oct. 2008) (holding that "[t]he Court first must address whether the State may avoid this Court's jurisdiction by invoking Eleventh Amendment immunity before addressing Rule 19 issues").

accommodate these priorities and facilitate judicial economy, IT IS RECOMMENDED that the court enter an order providing that:

(1) the parties shall file any motions challenging the court's subject matter jurisdiction within 21 days after the court's ruling on this Memorandum and Recommendation;

(2) by the same deadline, the parties shall file a memorandum stating and supporting their position regarding joinder of the Granville Board as a defendant pursuant to Rule 19(a);

(3) the parties shall file any responses to any jurisdictional motions and the joinder memoranda within 14 days after service of the motion or memorandum to which response is being made; and

(4) the deadline for dispositive motions on non-jurisdictional grounds shall be established by separate order following ruling on any jurisdictional motions and (assuming jurisdiction is upheld) on the issue of the Granville Board's joinder.

The court notes that requiring the briefing of the joinder issue contemporaneously with the submission of any jurisdictional motions will enable the court to rule on the joinder issue without additional delay if jurisdiction is upheld. Such briefing would, of course, be without prejudice to the issue of subject matter jurisdiction.

## CONCLUSION

For the foregoing reasons, it is RECOMMENDED that the court enter an order providing that:

1. the parties' respective motions for summary judgment be DENIED without prejudice;

2. the parties shall file the administrative record within 14 days after the court's ruling on this Memorandum and Recommendation;

11

3. the parties shall file any motions challenging the court's subject matter jurisdiction within 21 days after the court's ruling on this Memorandum and Recommendation;

4. by the same deadline, the parties shall file a memorandum stating and supporting their position regarding joinder of the Granville Board as a defendant pursuant to Rule 19(a);

5. the parties shall file any responses to any jurisdictional motions and the joinder memoranda within 14 days after service of the motion or memorandum to which response is being made; and

6. the deadline for dispositive motions on non-jurisdictional grounds shall be established by separate order following ruling on any jurisdictional motions and (assuming jurisdiction is upheld) ruling on the issue of the Granville Board's joinder.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have ten business days, or such other period as the court specifies, to file written objections. Failure to file timely written objections bars an aggrieved party from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge.

This 17th day of August, 2009.

James E. Gates
United States Magistrate Judge