UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:08-CV-85-BR

| | | |
|---|---|---|
| L.K., a Minor, by and through his<br>surrogate parent, Melissa Henderson, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | ORDER |
| NORTH CAROLINA STATE BOARD<br>OF EDUCATION and the NORTH<br>CAROLINA DEPARTMENT OF<br>PUBLIC INSTRUCTION, | ) ) ) ) ) | |
| Defendants. | ) | |

This matter is before the court on the 17 August 2009 Memorandum and Recommendation

("M&R") of Magistrate Judge James E. Gates.  The parties have filed objections to the M&R.

I.  FACTUAL AND PROCEDURAL BACKGROUND[1]

The complaint alleges the following: shortly after the minor L.K. enrolled in a Granville

County public high school, the principal recommended in September 2007 that he be suspended for

a year for bringing a razor to school and other conduct. (Compl. ¶¶ 14, 21.)  L.K. had been found

to have multiple disabilities and to be subject to the Individuals with Disabilities Education Act

("IDEA"), 20 U.S.C. §§ 1400, et seq.  (Id. ¶¶ 7, 12, 13.)  Proceeding under the IDEA, the prescribed

team of persons made the determination that L.K.'s behavior was not a manifestation of his

disabilities and that the year-long suspension would be enforced.  (Id. ¶¶ 22-26.)  A determination

that L.K.'s conduct was a manifestation of his disabilities would have precluded the suspension.  (Id.

¶ 23.)

_____

[1] The parties have not objected to the background as set forth in the M&R, and thus the court adopts that portion
of the M&R as set forth here.

In accordance with the North Carolina statutes implementing the IDEA, plaintiff sought review of this manifestation determination at an expedited due process hearing conducted by an administrative law judge ("ALJ") with the North Carolina Office of Administrative Hearings. (Id. ¶¶ 27-29.) The ALJ reversed the manifestation determination, and the Granville School Board invoked the second tier of appeal under North Carolina law, review by a state review officer ("SRO") appointed by defendant North Carolina Department of Public Instruction. (Id. ¶¶ 38, 53, 59, 60.) The SRO overruled the ALJ's decision and reinstated the suspension. (Id. ¶¶ 62, 69.) At both tiers of the administrative appeal, plaintiff and the Granville School Board were the only named parties. (Id. ¶¶ 31, 53.)

Plaintiff appealed the SRO's decision to state Superior Court, naming the North Carolina State Board of Education and the North Carolina Department of Public Instruction, and not the Granville School Board, as defendants. (Id. at 1 & ¶¶ 9-10.) Defendants removed the case to this court. (3/5/08 Notice of Removal.)

In the complaint, plaintiff alleges four causes of action: (l) violation of L.K.'s purported right under the IDEA to a final state-level manifestation determination on an expedited basis; (2) violation of L.K.'s purported right to have been returned to L.K.'s school and not to have been suspended in accordance with the ALJ's order; (3) L.K.'s purported entitlement to a declaratory judgment that the second tier of appeal under North Carolina law violates the IDEA; and (4) application by the SRO of an improper standard of review, resulting in an erroneous decision on the merits. (Compl. ¶¶ 70-81.) On defendants' motion, the court dismissed as moot plaintiff's third claim and relief seeking L.K.'s readmission to school because he is no longer residing in or planning to return to Granville County. (6/9/08 Order at 7.) The court did not reach the issue of whether plaintiff named the proper

parties as defendants because defendants raised the issue only in their reply memorandum, and such a defect could be addressed by amendment of the complaint, (id. at 1 n.l), which plaintiff did not subsequently pursue.

The parties filed cross motions for summary judgment on 31 October and 3 November 2008. The undersigned referred the motions to Magistrate Judge Gates for review and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  Magistrate Judge Gates recommends:

(1) denial of the summary judgment motions without prejudice;

(2) ordering the parties to file the administrative record[2] within 14 days of the date of this order;

(3) ordering the parties to file any motions challenging the court's subject matter jurisdiction within 21 days of the date of this order;

(4) ordering the parties to file a memorandum stating and supporting their position regarding joinder of the Granville School Board as a defendant pursuant to Fed. R. Civ. P. 19(a);

(5) ordering the parties to file any responses to any jurisdictional motions and the joinder memoranda within 14 days thereafter; and

(6) establishing a deadline for dispositive motions on non-jurisdictional grounds by separate order following ruling on any jurisdictional motions and (assuming jurisdiction is upheld) ruling on the issue of the Granville Board's joinder.

(M&R at 11-12.)

## II.  DISCUSSION

A.    <u>Subject Matter Jurisdiction and Joinder</u>

Plaintiff objects to any consideration of the arguments raised by defendants regarding the

---

[2] The parties state that defendants had transmitted the administrative record on 10 December 2008, but that the Clerk returned the record shortly thereafter.  (Defts.' Objs. at 2; Pl.'s Objs. at 7.)  Whatever the reason, there is no question that the court does not have the administrative record, and that Magistrate Judge Gates was unable to review the administrative record in examining the motions for summary judgment.

court's subject matter jurisdiction over this case on the ground that the court has already ruled on this issue in ruling on defendants' motion to dismiss. (Pl.'s Objs. at 3.) "Defendants submit that the Court can address the issues without all these additional filings" and object to filing briefs on the issue of joinder at the same time as any motion to dismiss for lack of subject matter jurisdiction on the ground that the "[c]ourt should decide the issue of subject matter jurisdiction before the parties brief . . . the issue of whether Granville County Schools should be joined under Rule 19." (Defts.' Objs. at 3, 6.)

As defendants rightly point out, (Resp. Pl.'s Objs. at 2), in ruling on the motion to dismiss, the court did not address whether plaintiff has sued a party which caused and can redress L.K.'s alleged injuries, and therefore plaintiff is not correct in asserting that this issue has been decided in plaintiff's favor, (Pl.'s Objs. at 2-4). The court also agrees with defendants that it must address their arguments regarding plaintiff's standing before reaching the other issues in the case. It is well established that standing is a threshold jurisdictional issue that must be determined first because "[w]ithout jurisdiction the court cannot proceed at all in any cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998) (internal quotation marks omitted); see also Pye v. United States, 269 F.3d 459, 466 (4th Cir. 2001) (citing Steel Co., 523 U.S. at 102). More pertinent to this case, "Rule 19 protects the interests of absent parties. If an action is no longer pendent due to plaintiff's deficient standing, the absent party's interest is not at stake." Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003) (citing 7 Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 1602, 22 (West 2001)).

That being said, if the court does find that standing exists as to any or all of plaintiff's claims, there is no reason why the court may not then immediately address the joinder issue, and it makes

4

little sense to then wait some additional amount of time in order to determine whether joinder is appropriate or required. With regard to defendants' contention that the court does not need additional briefing on these issues, defendants are free to file a motion to dismiss for lack of jurisdiction, stating that defendants incorporate and rely on the arguments in their previously filed briefs.

B.    Disposition of the Summary Judgment Motions and the Filing of the Administrative Record

Both plaintiff and defendants object to Magistrate Judge Gates's first recommendation regarding denying the motions for summary judgment without prejudice and, to some extent, his second recommendation regarding filing the administrative record. (Pl.'s Objs. at 7; Defts.' Objs. at 2-3.) The parties contend that the material facts are not in dispute and that the court does not need the administrative record to rule on the issues raised in the motions for summary judgment. (Pl.'s Objs. 7; Defts.' Objs. at 3.)

In recommending filing of the administrative record, Magistrate Judge Gates noted that the parties have not filed any formal stipulation of undisputed facts, that "defendants were not parties to the administrative proceedings and expressly disavow independent knowledge of many events underlying this case[,]" and that plaintiff's contentions regarding the standard of review applied at one of the levels of appeal "could prove more fact intensive than the other grounds plaintiff advances, conceivably implicating the merits of the case." (M&R at 5.) Magistrate Judge Gates concluded that "[t]hese facts bear on, among other matters, the existence of subject matter jurisdiction, the legality of the North Carolina administrative appeal structure in IDEA cases, and, ultimately, the final disposition of this case." (Id.) As the parties acknowledge, the administrative record is already compiled and ready for submission to the court. Therefore, the court sees no

reason why the parties should not file it.

Because the parties' current summary judgment motions focus so heavily on issues of standing and joinder, and in view of the possibility that some of plaintiff's claims may be dismissed and/or an additional party may be joined to the action, the court agrees with Magistrate Judge Gates that denial without prejudice of the instant motions is warranted. Should the litigation return to a summary judgment stage, entirely new briefs will best address the remaining issues.

## III. CONCLUSION

For the foregoing reasons, the court ADOPTS the M&R as set forth in this order. To the extent the court has not specifically addressed any objection, the court has conducted a *de novo* review of the record and any such objection is OVERRULED. IT IS HEREBY ORDERED:

(1) The summary judgment motions are DENIED WITHOUT PREJUDICE.

(2) The parties are DIRECTED to file the administrative record within 14 days of the date of this order. The court directs the parties' attention to L. Civ. R. 79.2, EDNC, regarding the filing of sealed documents. If the parties choose not to seek sealing of the record, the court reminds them of Fed. R. Civ. P. 5.2, requiring redaction of certain information in electronically filed documents.

(3) The parties are DIRECTED to file any motions challenging the court's subject matter jurisdiction within 21 days of the date of this order.

(4) The parties are DIRECTED to file memoranda stating and supporting their position(s) regarding joinder of the Granville School Board as a defendant pursuant to Fed. R. Civ. P. 19(a) within 21 days of the date of this order.

(5) The parties shall file any responses to any jurisdictional motions and the joinder memoranda within 14 days after service.

(6) The court shall set a deadline for dispositive motions on non-jurisdictional grounds by separate order following ruling on any jurisdictional motions and (assuming jurisdiction is upheld) on the issue of the Granville School Board's

joinder.

This 1 October 2009.


_____
W. Earl Britt
Senior U.S. District Judge


lk/nc/tec